Long v. State.

BUD LONG *v*. STATE.

(*Knoxville.*  September Term, 1915.).

**JURY.  Separation.  Effect.**

Notwithstanding accused consented to a separation of the jury, a conviction of felony by such jury cannot be upheld; Const., art. 1, sec. 9, providing that in all criminal cases accused shall be entitled to a speedy public trial by an impartial jury, precluding separation of the jury in criminal prosecutions for felony or where the death penalty may be assessed.

Cases cited and approved:  Dunn v. State, 127 Tenn., 267; Stone v. State, 23 Tenn., 27; Hines v. State, 27 Tenn., 597; Troxdale v. State, 28 Tenn., 412; Wesley v. State, 30 Tenn., 502; Wiley v. State, 31 Tenn., 257; Armstrong v. State, 2 Okla. Cr., 567; Preston v. State, 115 Tenn., 343; Hobbs v. State, 121 Tenn., 413; King v. State, 87 Tenn., 304; King v. State, 91 Tenn., 617; Sherman v. State, 125 Tenn., .57.

Case cited and distinguished:  McLain v. State, 18 Tenn., 240.

Codes cited and construed:  Secs. 6462 (S. 1896).

Constitution cited and construed:  Art. 1, secs. 6, 8, 9.

---

FROM ROANE.

---

Appeal from the Circuit Court of Roane County.— S. C. BROWN, Judge.

J. W. STAPLES, for appellant.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

Long was convicted of the crime of abduction and sentenced to serve a term in the penitentiary. Section 6462, Shannon's Code 1896. He has appealed to this court and assigned errors.

The several assignments of error are based on matters which we cannot consider, because a bill of exceptions was not seasonably filed. *Dunn* v. *State,* 127 Tenn. (19 Cates), 267, 154 S. W., 969. However, it appears on the technical record, to which our attention is called by the brief filed on his behalf, that the jury, upon his trial, after being impaneled and sworn, and after hearing a part of the evidence, was respited until the following morning, "and by agreement of the attorney general and the defendant and his counsel the jury was allowed to go without an officer." The only reasonable construction to be placed on what the record shows is that there was a total separation of the jury. It was allowed to dissolve into its component parts, and each unit composing it to mingle at will with his fellow citizens. On the following day the same jury, as the record shows, reassembled in court, and the hearing of the cause was resumed. It does not appear by whom the conduct above during the trial was suggested, whether by the defendant, his counsel, the attorney general, the court, or the jury; and no question was made on the verdict in the motion for new trial, nor is any account given by the record of the

conduct of the units composing the jury during the time of the separation. Can such a verdict, and the judgment thereon based, be allowed to stand by this court? We answer, No. Manifestly the fair and impartial trial guaranteed to the defendant under the constitution was not given him. The constitution provides:

"That the right of trial by jury shall remain inviolate." Article 1, sec. 6.

"That no man shall be  .  .  .  deprived of his life, liberty, or property but by the judgment of his peers or the law of the land." Article 1, sec. 8.

"That in all criminal prosecutions, the accused hath the right to  .  .  .  a speedy public trial, by an impartial jury." Article 1, sec. 9.

In an early and perhaps leading case on this question it was said:

"That the person accused may have the full benefit of a judgment by his peers, it is absolutely necessary that the minds of the jurors should not have prejudged his case, that no impression should be made to operate on them, except what is derived from the testimony given in court, and that they should continue impartial and unbiased."

And it was pointed out in that case that one of the means necessary to securing a fair and impartial trial by a jury of the defendant's peers was not to permit the jury to separate from each other, or mingle with the balance of the community after it had been sworn. *McLain* v. *State*, 18 Tenn. (10 Yerg.), 240, 31 Am.

Dec., 573.    See, also, *Stone* v. *State,* 23 Tenn. (4 Humph.), 27; *Hines* v. *State,* 27 Tenn. (8 Humph.), 597; *Troxdale* v. *State,* 28 Tenn. (9 Humph.), 412.

After the decision of the foregoing cases a prisoner charged with a capital crime was put upon trial, and on the first day thereof eight jurors were impaneled and sworn, who, with the consent of the defendant and the attorney general, were by the court permitted to disperse until the next morning.   On that day two other jurors were selected, and they, with the eight previously chosen, were permitted with like consent to disperse until Monday morning thereafter, on which day two other jurors were selected, and, the jury being thus complete, the trial proceeded regularly.   The trial resulted in the defendant's conviction, and on his appeal to this court, after calling attention to the rule laid down in *McLain* v. *State,* supra, it was said:

"In the case before us the separation was permitted by the court, and consented to by the defendant, and therefore it is supposed the principles above do not apply.   If the law requires the jury in a capital case to be kept together, the court cannot dispense with this requisition of law, nor ought the consent of the prisoner in a capital case to be taken. . . .   The judge cannot lawfully dispense with the rule that the jury must be kept together, nor ought the consent of a prisoner in such case to be taken."

It was also pointed out that, where the charge against the defendant was one calculated to excite the community against him, the rules of law for securing

an impartial trial of the case should be firmly enforced. The judgment of the lower court was reversed, and the cause remanded. *Wesley* v. *State,* 30 Tenn. (11 Humph.), 502.

The above ruling was extended to a felony case where the punishment provided was not capital upon identical reasoning in *Wiley* v. *State,* 1 Swan (31 Tenn.), 257.

For general authority on the point here involved, see *Armstrong* v. *State,* 2 Okl. Cr. 567, 103 Pac., 658, 24 L. R. A. (N. S.), 776, and the case note thereon.

We find in our cases, in respect of the particular question here involved, no modification of the ruling made in *Wesley* v. *State* and in *Wiley* v. *State,* supra.

We think the reasoning of those cases is sound and should be adhered to. The rule established by them, as indicated in one of them, does not apply in cases of misdemeanor, but we think the rule in its full strictness should be applied in cases punishable by imprisonment in the penitentiary or by death; and, when it appears that a separation of the jury, such as is shown by the record in this case, has taken place during the trial of a cause, the conduct of the jury during the separation being wholly unexplained, the verdict is *ipso facto* vitiated, and no judgment based thereon should be allowed to stand.

It is suggested on the brief for the State that the consent of the defendant to the separation of the jury should work an affirmance of the judgment, and, as supporting that view, we are cited to *Preston* v. *State,*

115 Tenn. (7 Cates), 343, 90 S. W., 856, 5 Ann. Cas., 722, and *Hobbs* v. *State,* 121 Tenn. (13 Cates), 413, 118 S. W., 262, 17 Ann. Cas., 177. But in the former of these cases the chief complaint was that the oath to the jurors had not been administered by the clerk in the formal way, and in the latter of these cases the point made was that the minute entry failed to show that the jury was sworn. We do not regard either of these cases as in point. In each of them the error complained of was one merely of procedure, and was properly held not to have vitiated the verdict. But in the present case the total separation of the jury, wholly unexplained, is an error of substance going to the very core of the right of the State to deprive the defendant of his liberty.

The present case is not to be taken as in conflict with those where a separation of the jury has occurred, but it appeared that the verdict of the jury was unaffected by the separation. *King* v. *State,* 87 Tenn. (3 Pick.), 304, 10 S. W., 509, 3 L. R. A., 210; *King* v. *State,* 91 Tenn. (7 Pick.), 617, 20 S. W., 169; *Sherman* v. *State,* 125 Tenn. (17 Cates), 54, 140 S. W., 209. No showing which can save the verdict appears in the transcript before us.

Reverse and remand.