(Nos. 20567, 20568.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES FORSYTH *et al.* Plaintiffs in Error.

*Opinion filed April 23, 1931—Rehearing denied June 4, 1931.*

JOHN F. BOLTON, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

This consolidated cause is here on writs of error to review judgments of the Appellate Court for the First District affirming the convictions of plaintiffs in error, Simon Gorman and James Forsyth, in the municipal court of Chicago on charges of carrying concealed weapons upon their persons.

The record in this case is quite peculiar and contains several contradictions. It shows that on May 17, 1929, plaintiffs in error were arrested without a warrant and taken before a judge of the municipal court of Chicago, who granted leave to a policeman to file informations in the name of the People charging defendants with carrying concealed weapons upon their persons. It recites that the People, by the State's attorney, and each defendant in his own proper person and by counsel, appeared, and the defendant Gorman pleaded not guilty and Forsyth pleaded guilty, and that the court examined witnesses as to the aggravation or mitigation of the offense. This statement with reference to Forsyth is immediately followed by the words: "Said defendant being duly advised by the court as to his right to a trial by jury in this cause elects to waive a trial by jury, and this cause is by agreement in open court between the parties hereto submitted to the court for trial without a jury." This is followed by the statement: "And the trial of this cause is now here entered upon before the court without a jury, and after progress therein, said trial being not yet completed, it is ordered that further proceedings be, and they are hereby, postponed until May 21, 1929." The clerk from whose half-sheet this record was expanded dropped dead within half an hour after making the same. On May 21, 1929, the cause was by another judge, without the motion of either party, ordered "postponed and set for trial June 4, 1929." As to Gorman the record shows that on May 17, 1929, the cause was by agreement of the parties submitted to the court for trial without a jury and set for

trial May 21, 1929, on which date the record shows that the parties appeared before the same judge before whom Forsyth appeared, and the cause was postponed without the motion of either party and set for hearing on June 4, 1929. The record proper shows that on June 4, 1929, the State's attorney, and both defendants in their own proper persons as well as by counsel, appeared before a third judge of the municipal court, and as to Forsyth it shows, "and the trial of this cause is now here entered upon, and the court, after hearing all the testimony of the witnesses and the arguments of counsel, and being fully advised in the premises, renders the following finding, to-wit: . 'The court finds the defendant guilty in manner and form as charged in the information herein. Wherefore it is ordered that the same be entered of record herein.' " The record contains a like entry as to Gorman. The bill of exceptions, the certificate of evidence or statement of the proceedings signed by the trial judge and approved by the written signature of the State's attorney and made a part ·of the record by the Municipal Court act, shows that on June 4, 1929, the cause against both defendants was called for trial for the first time and when so called each defendant demanded a jury trial, and that their request was at first granted by the court, who later, when advised that the defendants had already pleaded to the charges and submitted their cases to the court according to the clerk's record on the half-sheet, denied the request, with the statement that the record in the case showed the right of jury trial had been previously waived by both defendants, and they, and each of them, denied that they had at any time waived their right to trial by jury, and the defendant Forsyth, on being advised that the record showed he had previously pleaded guilty, denied that he had pleaded guilty at any time and asked that the record be corrected to show his plea of not guilty, but no action was taken on this request. The defendants, and each of them, advised the

court that they were without counsel, their lawyer being ill and confined to his home under a doctor's care, and requested a continuance for a reasonable time until their lawyer could appear or they could obtain other counsel. The court denied the request on suggestion of the State's attorney that they had already had one continuance, and the defendant Gorman asked that the case be passed for one hour so that he might provide himself and the other defendant with counsel, which request was denied by the court and the trial of both defendants then proceeded.

William E. Finn, police officer who had signed the complaints in the case on trial, testified "that about 2:30 P. M. on May 17, 1929, he, with other officers, was touring their district; that they saw the defendants get out of an automobile and enter a drug store located on the northeast corner of Thirty-first and Princeton streets, in the city of Chicago; that he, with other officers, followed them in and saw the defendants pass hurriedly through the drug store and rush into a small room used to compound prescriptions, in the rear of the drug store; that he was about ten feet behind the defendants, and as they entered the rear room he commanded them to raise their hands; that they entered the small room and for the moment were out of his sight; that as he entered, one Forsyth was putting some object in a candy container, which object he heard drop, and Gorman was laying something on the third shelf; that they then put up their hands; that he searched one and turned the other over to his partner; that in the candy container he found one revolver and on the third shelf he found the other revolver; that when he searched the defendant Forsyth and officer McCarthy searched the other defendant, Gorman, nothing was found on the person of defendants."

William Bermele testified that he was the owner of the drug store and had been in business at the location in question for twelve years; that the revolvers were his and had been in his possession for about one and a half years; that

when he last saw the revolvers they were in a drawer in the rear of the store; that he identified the revolvers offered in evidence as his property, and that he kept them about the store for protection.

Gorman, testifying as a witness in his own behalf, stated that he had gone into the drug store in question with Forsyth for medicine used by Forsyth in the treatment of stomach ulcers; that he had no gun on his person on the day or place in question nor had he ever carried a gun at any time or place; that he was searched by officer McCarthy in the rear room of the drug store and that no concealed weapon of any kind was found on his person; that he did not throw or toss anything from his hand when commanded to raise his hands by officer Finn, and could not have done so because Finn was directly behind and close to him at the time.

Forsyth, testifying as a witness in his own behalf, stated that he had gone to the drug store on the day in question for medicine specially put up at this drug store for treatment of stomach ulcers, with which he had been afflicted since his army service in the recent war; that he had been using the medicine for the last few years; that Gorman had accompanied him on the day of the arrest; that he had no gun on or about his person on the day in question nor had he ever carried a gun; that the first time he ever saw these revolvers was when officer Finn found them on the shelf; that he was searched by Finn and no revolver was found on his person; that he did not throw or toss anything from his hands at the time Finn ordered him to raise his hands, and that he had never pleaded guilty in this case and had never been arrested in his life before.

After hearing the evidence the court entered the finding as to each of the defendants as above set forth. A motion for a new trial was entered by each defendant, and the court considered each motion and overruled the same and sentenced each defendant to imprisonment in the house of

correction in the city of Chicago for the term of one year and to pay a fine of $200 and costs of suit, taxed at $6.50 as to each defendant. Immediately after sentence each defendant moved the court that the judgment entered that day be vacated and set aside, which motions were set for hearing on June 10, 1929, at which time they were continued until June 11, 1929, at which time the motions were heard and denied. The basis of the motions was the failure of the court to allow Forsyth's motion to amend the record to make it speak the truth with reference to his plea of guilty and in not allowing him a trial upon a plea of not guilty, and in their being forced to trial without an attorney to defend them. The State replies to the motion to correct the record to make it speak the truth, first, that the motion was not in writing and the motion which was made on the day of the trial was also not in writing, but on the 11th day of June a formal written motion, upon oath of the then attorney for defendants, was filed.

The refusal to vacate the judgment and correct the record was based largely, as stated by the judge, upon the fact that in a former case he had corrected a record in a suit and had been compelled by this court to erase the same. The conditions are entirely different. In that case the change was made at a time when the court had no jurisdiction of the cause to enter the order, while in the pending cause the application to correct the record to make it speak the truth was made at a time when, as it is said, the matter was still within the breast and conscience of the court and the court had full power, for good cause shown, to vacate its judgment. The rule is well established that courts, while a cause is pending and the parties are before them, have control over the records and proceedings in the cause and have jurisdiction over their judgments and final orders of a pending term and may amend or set them aside for cause during the term at which such judgment is rendered. (*Cairo and St. Louis Railroad Co.* v. *Holbrook,* 72 Ill. 419.) Under

section 21 of the Municipal Court act the municipal court has the same power over its records for thirty days after the entering of an order as the circuit court during the term. (*People* v. *Lyle,* 329 Ill. 418; *Bull & Co.* v. *Boston and Maine Railroad Co.* 324 id. 579; *Grubb* v. *Milan,* 249 id. 456.) The clerk's half-sheet was a memorandum of the proceedings and the orders in the prosecution of the defendants, from which the record was made up in accordance with amplified forms in use in the clerk's office. This memorandum of orders is similar to the one used in *People* v. *Fulimon,* 308 Ill. 235, and is as follows: "May 17, 1921, leave to William E. Finn to file information. Bail $1000. Court takes jurisdiction of defendant in court on information filed. Defendant arraigned and warned. Plead guilty. Defendant waives jury trial. Trial by court commenced and postponed to May 21, 1929." In that case it was said as to the amplified record, which was similar in form to the amplified record in this case: "It was not justified by the memorandum kept by the clerk, at the time of the proceedings, of what actually took place, and the court should have expunged from the record the statement that the defendant was duly advised or admonished by the court of the consequences of entering his plea." Under the circumstances shown by this record the court should on June 4 have allowed Forsyth's motion to amend the record to make it speak the truth or have allowed him to withdraw his plea of guilty and enter a plea of not guilty. *People* v. *Schraeberg,* 340 Ill. 620; *People* v. *Lavendowski,* 326 id. 173.

The affidavits filed upon the motion to vacate the judgment show that at the time the trial actually occurred, on June 4, counsel for defendants was at home sick in bed and unable to attend the trial, and defendants claim that the judgments should be reversed by reason of the fact that they were forced to proceed to trial without their attorney and were not granted even a continuance for an hour in which to procure another attorney. The State's answer to

this is that the record shows the presence of defendants in court on June 4 in person and by their attorney, and that such record cannot be contradicted. While it is true that the record does show that on that day the defendants were present in their own proper persons as well as represented by counsel, it is equally true that the record as made up and signed by the trial judge, with the written approval thereon of the State's attorney, shows that at the particular time of that day when the case was called for trial defendants were not represented by counsel and that they applied for a continuance for that reason and their application was refused and the trial proceeded, during which they were not represented by counsel. The case was not one in which no other finding than that of defendants' guilt could reasonably have been made. Officer Finn did not testify that he saw a revolver in the hand or on the person of either one of the defendants. He only testified "that Forsyth was putting some object in a candy container, which object he heard drop, and Gorman was laying something on the third shelf." He gave no description of the object, of the candy container, of the shelf, or of what other objects were in the candy container or upon the shelf. On the motion to vacate the judgment, the officer who was with Finn testified that he followed Finn into the room, about a foot or two behind him, and that when he entered the room defendants were standing with their hands raised, about five feet from the place where the revolvers were found.

While it is highly important that justice should be speedily meted out and that criminals should be punished with celerity and dispatch, it is much more important that before punishment should be inflicted upon a person accused of crime full opportunity should be given to place the court in possession of all the facts bearing upon the question of the guilt or innocence of the accused, so that the court may ascertain the truth as to whether or not the person accused is, in fact, guilty of the crime. *People* v. *Schraeberg, supra;*

*People* v. *Kowalski,* 332 Ill. 167; *People* v. *Blumenfeld,* 330 id. 474.

For the reasons indicated, the judgments of the Appellate Court and the municipal court of Chicago are reversed and the cause remanded to the municipal court, with directions to allow the defendant Forsyth to withdraw his plea of guilty and enter a plea of not guilty, if he so desires upon being duly arraigned.

*Reversed and remanded, with directions.*