(No 21086.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLARENCE LONG, Plaintiff in Error.

*Opinion filed December 17, 1931.*

ELLIS & WESTBROOKS, BLAINE G. ALSTON, DEFRANTZ R. WILLIAMS, BARBARA WATTS GOODALL, and GEORGIA JONES ELLIS, (RICHARD E. WESTBROOKS, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and JOHN P. MADDEN, (HENRY T. CHACE, JR., and EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiff in error, Clarence Long, was jointly indicted with Zebedee Montgomery in the criminal court of Cook county. The indictment contained four counts. The first charged larceny of a motor vehicle of the value of $45. It is needless to mention the other counts, as they are not now involved in this proceeding. Both defendants were arrested August 6, 1930, and placed in the Cook county jail on failure to give bail. The indictment was returned by the grand jury August 27, and the defendants were arraigned September 5 and pleaded not guilty. On September 12 the court appointed Herbert A. Greenwood to defend plaintiff in error, Long. The defendant Montgomery was represented by J. G. Lucas under employment. One week subsequent to the appointment of Greenwood an order was entered which stated that the defendant Long was not represented by counsel and that the court of its own motion would appoint J. G. Lucas to represent Long. The record does not disclose that Greenwood had declined to represent Long or that he had made no endeavor to prepare for trial. No order relieving Greenwood was made and he was not present in court when Lucas was appointed to supersede him. On the day of the substitution of counsel, plaintiff in error was brought into court and withdrew his plea of not guilty and entered a plea of guilty. There-

upon the court entered a judgment of conviction and sentenced him to the penitentiary at Joliet. Montgomery also entered a plea of guilty and was sentenced to imprisonment at Pontiac. During the term of court at which the judgment of conviction was rendered, to-wit, October 4, 1930, Long filed a motion to vacate the judgment of conviction and for leave to withdraw his plea of guilty and for further leave to enter a plea of not guilty. A hearing on the motion was continued from time to time until October 24, when the motion was denied. Plaintiff in error is now in the penitentiary.

The petition in this behalf was filed under the provisions of section 89 of the Practice act, which abolished the writ of error *coram nobis* and authorized the correction of errors in fact to be made upon motion in writing at any time within five years after the rendition of final judgment. The material facts set up in the petition are, that plaintiff in error was indicted and incarcerated in the county jail as aforesaid and was so incarcerated at the time he was brought before the court when judgment was rendered against him; that he being without funds, Herbert Greenwood was on September 12, 1930, appointed by the court to defend him; that said attorney filed his appearance but never visited or consulted with plaintiff in error at any time; that prior to the appointment of Greenwood plaintiff in error had entered a plea of not guilty, which plea was true in substance and in fact; that on September 19, 1930, co-defendant Montgomery was taken before the court at the instance of his counsel, Lucas, and there withdrew his plea of not guilty and entered a plea of guilty; that during the course of the proceedings against Montgomery the attention of the court was called to the fact that Long was a defendant and was not in court, whereupon proceedings were suspended by the court and plaintiff in error was sent for and brought into court from the county jail; that when he reached the court room his attorney was not present and he had no one

to advise him or represent him; that the court, without suggestion by plaintiff in error, appointed the same lawyer who was representing Montgomery; that under the situation then existing the interests of Montgomery and the plaintiff in error were antagonistic; that Montgomery had previously made statements, out of his presence, wrongfully accusing plaintiff in error of the crime charged in the indictment, and that the attorney who had been so appointed to defend plaintiff in error stated in open court that he did not believe plaintiff in error was telling the truth but that Montgomery was telling the truth. The petition further represented that plaintiff in error is only twenty years of age; that he was unfamiliar with court procedure; that his plea of guilty was entered for him by the attorney, Lucas; that he did not admit to said attorney at any time that he was guilty of any of the charges made in the indictment; that he was not guilty of any of said offenses; that at no time prior to the entry of the judgment against him was he ever advised by counsel other than Lucas, and that he has been deprived of a fair and impartial trial under the constitution and laws of the State of Illinois. The petition further alleged that if the judgment is vacated and plaintiff in error is allowed to withdraw his plea, which was entered without his knowledge or consent, he will be able to present a good legal defense to the indictment, and that his parents have been able to employ counsel to prepare his case and procure the necessary witnesses to prove his innocence.

When the above petition was presented to the court plaintiff in error had procured other counsel, who stated that he had witnesses present in court to prove that the plea of guilty was entered under a misapprehension and a mistake of fact, and also to prove, if necessary, Long's innocence, and requested a full hearing on the petition. The court remarked: "I don't believe I will hear any more on this matter. The motion will be denied. Motion denied."

Errors of fact which could have been availed of on a writ of error *coram nobis* can now be availed of under a motion or petition filed pursuant to the provisions of section 89 of the Practice act. The motion is an appropriate remedy in criminal cases as well as in civil cases. It not only lies to set aside a conviction obtained by duress or fraud, but it also lies to correct some excusable mistake or ignorance of the accused, where, without negligence on his part, he has been deprived of a substantial defense which he could have used at his trial. *People* v. *Crooks,* 326 Ill. 266.

The allegations of the petition bring this case within the purview of section 89. The facts set out were sufficiently definite to raise the issue of whether the plea of guilty was entered through an excusable mistake or ignorance of the accused and whether he was deprived of a substantial defense which he might have urged on his trial. Under such circumstances the trial court could not arbitrarily refuse a full hearing upon the petition. The allegations of a petition need be only *prima facie* sufficient for the granting of such a hearing. This will constitute the assignment of errors. (5 Ency. of Pl. & Pr. par. 9, p. 33.) In this State the hearing is generally upon affidavits in support of the motion and by counter-affidavits denying the facts set up in the motion or by evidence offered in open court. The burden of proof, however, is upon the party making the motion to prove the facts alleged by a preponderance of the evidence. (*Domitski* v. *American Linseed Co.* 221 Ill. 161; *People* v. *Crooks, supra.*) Counsel for plaintiff in error tendered proof of such facts but it was rejected by the court.

The constitution of this State (art. 2, sec. 9,) provides that in all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel, and section 2 of division 13 of the Criminal Code provides that where an accused shall state upon oath that he is unable

to secure counsel the court shall assign him competent counsel who shall conduct his defense, and in all cases counsel shall have access to persons confined and shall have the right to see and consult such persons in private. The law offers one mode of trial, and it is the same for the innocent and the guilty. The fact that an accused person on trial may be shown to be guilty is not of itself sufficient to deny him a full opportunity to present, through counsel, such defense as he may have to the charge. (*People* v. *Lavendowski,* 326 Ill. 173; *People* v. *Kurant,* 331 id. 470; *People* v. *Carzoli,* 340 id. 587.) As a general rule, "permission to withdraw a plea of guilty and enter a plea of not guilty is a matter within the discretion of the court, yet this is a judicial discretion, which should always be exercised in favor of innocence and liberty. * * * The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient cause to permit a change of the plea from guilty to not guilty." *People* v. *Schraeberg,* 340 Ill. 620.

Plaintiff in error had not reached his majority. When he was first arraigned he entered a plea of not guilty, and counsel was assigned to him who was never excused or relieved of duty. While it is true he never visited plaintiff in error at the jail, it nowhere appears that he had not given the case study and investigation. The case against Long had not been set for trial, but the court, without notice to him or to his counsel of record, sent to the jail and had him brought into the court room, where Montgomery, under advice of paid counsel, was in the act of entering a plea of guilty. Without request or suggestion of plaintiff in error, Montgomery's attorney was appointed counsel for Long, and the record definitely discloses that both Montgomery and his attorney were to a degree hostile to Long. In fact, the attorney, after his appointment, stated to the court that he did not believe Long was telling the truth. This statement could have been provoked only by some dis-

paragement between the statements of the two co-defendants and could have had no other effect than to disparage and prejudice Long to the advantage of Montgomery. A circumstance tending to show how counsel's statement to the court affected the defendants is found in the sentencing of Montgomery to the reformatory and Long to the penitentiary. During the hearing the court remarked, "Well, I am not going to let you [Long] have a new trial while Montgomery is down there in Pontiac."

It is apparent that plaintiff in error at the time he was arraigned and pleaded not guilty, and during all the time subsequent thereto until he was brought from the jail by the direction of the court, had an understanding of his rights which differed essentially from his conception of them at the time he was advised to plead guilty. The motion to withdraw his plea and to substitute for it one of not guilty, supported by his affidavit and the tender of witnesses in open court, indicates that if he had received the advice of counsel in apt time a defense to the charges in the indictment would have been interposed. Whether his defense before a jury would have availed him anything is for the present purpose immaterial. *People v. Kurant, supra.*

The criminal court erred in not allowing a full hearing upon the petition, and the order denying it is therefore reversed and the cause is remanded, with directions to set aside said order and to permit a full hearing on the petition.

*Reversed and remanded, with directions.*