HENNING *v.* STATE.

(*Jackson,* April Term, 1947)

Opinion filed May 3, 1947.

H. T. Etheridge Jr., of Jackson, for plaintiff in error.

Allison B. Humphreys Jr., Assistant Attorney General, for the State.

Mr. Justice Neil delivered the opinion of the Court.

At the January term, 1947, of the Criminal Court of Madison County, the plaintiff in error (hereinafter called the defendant) was brought to trial upon a presentment charging ''the violation of the liquor laws''. He was represented by counsel and announced ready for trial; whereupon the trial judge apprised the defendant and his counsel that a plea of guilty had been entered at the September term, 1946, and by reason thereof the defendant had asked and secured a deferment of final judgment on said plea until the January term, 1947.

While there was no minute entry showing the plea of guilty, it does appear from the docket of the trial judge

and by stipulation that the defendant pleaded guilty at the September term, 1946, as above stated. Counsel for the defendant was permitted to file the following written motion:

"Comes the defendant, through his attorney, H. T. ETHERIDGE, JR., and moves the Court for leave to withdraw his plea of guilty entered against him at the last term of this Honorable Court and be allowed to substitute therefor his plea of not guilty.

Signed: T. H. Henning

By H. T. Etheridge, Atty."

There was no affidavit filed or other evidence heard in support of this motion. The trial judge overruled it and upon the defendant's plea of guilty a jury was impaneled who assessed a fine of $100. The trial judge later added a workhouse sentence of six months, his action being based upon the testimony of the sheriff that defendant was a known "bootlegger" and had been arrested for violating the liquor laws since the indictment was returned.

Thereafter, and on the 11th day of January, 1947, the defendant filed a motion to set aside the verdict and sentence and grant him leave to withdraw his plea of guilty. When the motion came on to be heard by the trial judge, J. Emmett Ballard appeared and was offered as a witness by the State. The record shows that Mr. Ballard represented the defendant when the plea of guilty was entered in September, 1946.

The present counsel for the defendant, as shown by the bill of exceptions, admitted in open court that defendant was present when the said plea of guilty was entered for him by Attorney Ballard and that he understood it and that judgment was to be deferred until the following term of court. At least, it was stipulated that Ballard would

thus testify and the truth of his statement cannot be doubted.

The defendant, in support of his motion, filed an affidavit stating "he was not guilty and wanted to plead not guilty in court." His attorney, Mr. Etheridge also filed an affidavit stating that "the defendant has a good and sufficient defense to the charges set forth in the indictment against him." The record fails to disclose the nature of the defense, if any he had. The only question made on this appeal is, "Did the trial judge abuse his discretion in refusing to grant the defendant leave to withdraw his plea of guilty?"

In some jurisdictions the right of a defendant to withdraw a plea of guilty is absolute if a motion is made within the proper time. But the weight of authority is that such right rests within the discretion of the trial court and "is not subject to reversal by an appellate court *unless it clearly appears that there was an abuse of discretion.*" (Italics ours.) 14 Am. Jur., Criminal Law, sec. 286, p. 961. Many cases are cited in support of the foregoing text.

Ordinarily an accused should be permitted to withdraw his plea of guilty where it was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily. "On the other hand, if a defendant with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandingly, and without fear or persuasion, the court may, without abusing its discretion, refuse to permit him to withdraw it." 14 Am. Jur., sec. 287, p. 962. See also annotations in 20 A. L. R. 1450 *et seq.*, and 66 A. L. R. 632 *et seq.*

In our own case of *Swang* v. *State*, 42 Tenn. 212, 88 Am. Dec. 593, it was held that where a plea of guilty and sub-

mission was made through fear or fraud or through official misrepresentation and the accused acted "under a total misapprehension of his rights", the plea should be set aside. The cases are numerous to the effect that the trial court is justified in refusing to set aside a plea of . guilty where the accused hopes to receive a light sentence or probation. *People* v. *Kleist*, 311 Ill. 179, 142 N. E. 486; *State* v. *Rogers*, Mo. Sup., 285 S. W. 976; *State* v. *Williams*, 320 Mo. 296, 6 S. W. (2d) 915; *People* v. *Goddard*, 84 Cal. App. 382, 258 P. 447. Or where he is a known offender *State* v. *McDonnell*, 165 Minn. 423, 206 N. W. 952.

In *State* v. *Peterson*, 1926, 42 Idaho 785, 248 P. 12, it appears that the affidavit in support of the motion to withdraw the plea of guilty merely stated that the defendant had a good defense and did not set forth the facts as a basis of the defense, and the Court denied the motion, holding that the said affidavit was a mere conclusion.

We have given careful consideration to the authorities cited by counsel, *People* v. *Schraeberg*, 340 Ill. 620, 173 N. E. 148; *People* v. *Long*, 346 Ill. 646, 178 N. E. 918, 920; and other cases. In the *Schraeberg* case the defendant did not fully understand the consequences of the plea and moreover it was taken in the absence of his counsel who had represented him the day before. In *People* v. *Long* it was held that the facts set out in the petition to set aside the plea were sufficient to raise the issue as to whether the defendant had been deprived of a substantial defense. In these circumstances it was held that the trial court could not arbitrarily refuse a hearing. We are in accord with the views expressed in these opinions and agree with the statement that "discretion . . . should always be exercised in favor of innocence and liberty." The other cases cited by counsel seem to follow

the minority rule that a plea of guilty should be set aside on motion as a matter of absolute right.

The defendant in the instant case made no showing whatever that he was treated unfairly by the trial judge. No evidence was offered tending to show that he was imposed upon by any one. When first arraigned he was represented by counsel and was fully advised by the Court that he was pleading guilty. He stated to the trial judge that he so understood it. There can be no doubt but that he fully understood the consequences of the plea. While he claimed in his motion for a new trial to have a good defense, he did not give the Court the slightest intimation of what it was. Following his trial on a plea of guilty and a fine by the jury, the sheriff testified that he was a chronic offender and stated without objection that he was a well-known bootlegger and had been arrested for selling whiskey since the plea of guilty was entered.

While the trial judge should always exercise his discretion with caution in refusing to set aside a plea of guilty, to the end that one accused of crime may have a fair and impartial trial, his judgment is presumed to be just and lawful in all respects and will not be reversed unless it clearly appears that there was an abuse of discretion. In the case before us there was plainly no abuse of discretion. The State's counsel has correctly stated that the record discloses that the defendant is not deserving the favor of the court. The defendant stated in an affidavit that he did not know a plea of guilty was being entered for him by his counsel and, while this same counsel appears in court to testify he readily admits that he did so understand it and that he had been fully advised. No other conclusion can be drawn than that he was trifling with the court. This statement is not made in criticism

of his present counsel who has contended from the beginning that the right to have a plea of guilty set aside was absolute as a matter of law.

The judgment of the trial court is affirmed.

All Justices concur.