## DAVID E. WILLIAMS, Plaintiff in Error v. STATE OF TENNESSEE, Defendant in Error. —467 S.W.2d 816.

**March 18, 1971.**

**Certiorari Denied by Supreme Court May 3, 1971.**

Hugh W. Stanton, Jr., Assistant Public Defender, Memphis, for plaintiff in error.

David M. Pack, Attorney General, Everett H. Falk, Assistant Attorney General, Nashville, Thomas F. Graves, Assistant District Attorney General, Memphis, for defendant in error.

OLIVER, J. David Earl Williams, the petitioner below, an inmate of the State Penitentiary at the Shelby County Penal Farm where he is serving a three-year sentence for third degree burglary, indigent and represented by the Shelby County Public Defender upon appointment by the court, is before this Court upon his appeal from the judgment of the Criminal Court of Shelby County dismissing his habeas corpus petition without an evidentiary hearing.

In his habeas corpus petition Williams assails the validity of his conviction upon the sole ground that the jury was not sequestered during his three-day trial, in which he was represented by retained counsel. Specifically, he alleges that the trial judge allowed the jurors to go home, and then he advances a pure conclusion with

this question: "How could this jury be impartial with all the radio, television, newspapers an [sic] contact with other people, while not in strict custody." His only Assignment of Error here is that the trial court should have granted him an evidentiary hearing.

Along with its motion to strike the petition, the State filed a copy of the indictment and copies of the Minute entries reflecting the trial and final disposition of the case. Those records show that at the conclusion of the trial, in which the jury found the petitioner and his co-defendant, Irvin R. Hudson, guilty of third degree burglary and sentenced them to confinement in the penitentiary for not more than three years, their counsel made an informal motion for a new trial; that on the date set for hearing their new trial motions, both Williams and Hudson appeared before the court with their retained counsel and "understandingly, freely and voluntarily" waived their right to file a new trial motion and to an appeal and specifically requested the court to render final judgment against them upon the verdict of the jury. The trial judge, the late W. Preston Battle, thereupon granted the respective and identical motions of the petitioner and Hudson and entered a separate order as to each of them reciting:

"And from questioning by the Court of the Defendant and his Counsel in open Court; and from all of which

"IT APPEARING TO THE COURT after careful consideration that the defendant herein has been fully advised and has freely, voluntarily, intelligently and understandingly, without any threats or pressure of

any kind or promise of gain or favor from any source, chosen and elected to waive a motion for a new trial and appeal in this case;

"IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that the oral petition of the defendant be and the same is hereby granted and the judgment is hereby entered in accordance with the jury verdict heretofore imposed."

 The State's position is that, having knowingly and understandingly waived his right to file a motion for a new trial and to appeal, upon the advice of retained counsel, the petitioner waived the error by the trial court, if such it was, in failing to sequester the jury during his trial. We agree.

If the trial judge erred in failing to sequester the jury, which we do not and cannot decide upon the record before us, the petitioner and his retained counsel had every right to present and press that matter before the trial judge in a motion for a new trial, and, failing in that, to bring the same question before this Court by appeal in the nature of a writ of error. Having intelligently and freely elected, upon the advice of his attorney, to forego resort to available procedures to raise and test that question in the trial court and by appellate review, unquestionably the petitioner thereby waived all right to raise the question later in a collateral proceeding.

By specifically moving the trial court to render final judgment against him upon the verdict of the jury, the petitioner recognized and acquiesced in the validity of that verdict and he is not permitted to challenge its

validity or the court's judgment thereon in a collateral proceeding.

█ But that is not all. At the time of the petitioner's trial the pertinent statute, TCA sec. 40-2528, provided:

"Separation of jurors permitted in certain cases.— From and after February 24, 1965, the criminal judge, in his discretion, with the consent of the defendant, and with the consent of the district attorney-general, may permit jurors to separate at times when they are not duly engaged in the trial or deliberations of the case in all criminal cases in which the penalty for the offense on which the defendant is put to trial does not exceed ten (10) years in the penitentiary."

The penalty for third degree burglary is penitentiary imprisonment for not less than three nor more than ten years. TCA sec. 39-904. Thus, in the petitioner's trial the trial judge was permitted, in his discretion and with the consent of the defendant and his counsel and the District Attorney General, to allow the jury to separate when they were not engaged in the trial or in their deliberations upon the case.

The petitioner does not say in his petition that the separation of the jury was without his or his counsel's or the District Attorney General's consent, or without the consent of either of them.

TCA sec. 40-2528 modified, to the extent therein stated, the prior general rule in this State relating to jury separation enunciated by our Supreme Court in Hines v. State, 27 Tenn. 597; Long v. State, 132 Tenn. 649, 179

S.W. 315; Steadman v. State, 199 Tenn. 66, 282 S.W.2d 777.

It is thus clear that the petitioner in this case fails to charge any unlawful or wrongful separation of the jury during his trial, and therefore does not charge any constitutional deprivation or prejudicial error by the trial judge.

■ A petition for the writ of habeas corpus which alleges sufficient facts to support a finding that petitioner's conviction was void because of alleged denial of constitutional rights necessitates an evidentiary hearing. State ex rel. Carlson v. State, 219 Tenn. 80, 407 S.W.2d 165.

However, a trial judge may properly dismiss a petition for the writ without an evidentiary hearing if on the face of the petition it shows petitioner is not entitled to any relief. State ex rel. Goss v. Heer, 220 Tenn. 36, 413 S.W.2d 688.

Let the judgment of the trial court be affirmed.

Mitchell, J., concurs.

Galbreath, J. (dissenting).

The order of the trial court dismissing the petition filed in this cause without an evidentiary hearing recited that the summary action was based on the grounds set out in the State's motion to strike the petition and on the authority set out in the motion. The primary ground relied on by the State and apparently adopted as control-

ling by the court was that the petitioner's complaint, hand drawn, cumbersome, patently incompetently drafted, to the effect the jury was allowed to separate during the trial "does not raise a constitutional question inasmuch as there is no constitutional right to have the jury sequestered."

The above conclusion of law urged by the respondent below and relied upon by the court is erroneous. The common law right to sequestration is of constitutional dimensions based on both Federal and State guarantees to the right to trial by jury. See Long v. State, 132 Tenn. 649, 179 S.W. 315. As set out in Steadman v. State, 199 Tenn. 66, 283 S.W.2d 777, quoting from Hines v. State, 27 Tenn. 597, 601 (1848):

" 'First, that the fact of separation having been established by the prisoner, the possibility that the juror has been tampered with, and has received other impressions than those derived from the testimony in court exists, and prima facie the verdict is vicious; but second, this separation may be explained by the prosecution, showing that the juror had no communication with other persons, or that such communication was upon subjects foreign to the trial, and that, in fact, no impressions, other than those drawn from the testimony, were made upon his mind. But third, in the absence of such explanation, the mere fact of separation is sufficient ground for a new trial.' "

TCA sec. 40-2528, which provides a method by which the defendant in a criminal case may with consent of the State and trial judge waive this constitutionally protected safeguard, does not diminish it. Any constitutional right

may usually be waived, but the availability of waiver does not trench upon the right in the absence of waiver. In the record before us there is no indication of waiver of the right involved.

Neither is there any indication that at the time the defendant waived his right to an appeal he was aware of the circumstances that lead him to allege that the jury was not properly kept separate and apart from all others and in the presence of each other during the trial. His subsequent complaint would tend to suggest strongly that he was not aware of the facts that lead him to believe the jury had not been kept together, or the legal consequences of such separation, at the time he executed the waiver of his right to appeal—another constitutional right that should not be lightly denied. Such a waiver, like a plea of guilty, is not binding when made by a defendant in misapprehension of his rights. Actually it would seem that a waiver of the right to an appeal, absent some benefit to a defendant such as dismissal of other pending charges by the State, should be considered less binding than a plea of guilty based upon a negotiated punishment of lesser severity than permitted by law if it should appear that such right was abandoned in ignorance or through coercion that rendered it something less than voluntary. And of the recognized right to withdraw such an abandonment of a constitutional right in the instance of an involuntary plea of guilty, our Supreme Court has said:

"Ordinarily an accused should be permitted to withdraw his plea of guilty where it was entered through a misunderstanding as to its effect, or through fear

and fraud, or where it was not made voluntarily. 'On the other hand, if a defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandingly and without fear or persuasion, the court may, without abusing its discretion, refuse to permit him to withdraw it.' 14 Am.Jur., sec. 287, p. 962. See also annotations in 20 A.L.R. 1450 *et seq.*, and 66 A.L.R. 632 *et seq*.

"In our own case of Swang v. State, 42 Tenn. 212, 88 Am.Dec. 593, it was held that where a plea of guilty and submission was made through fear or fraud or through official misrepresentation and the accused acted 'under a total misapprehension of his rights', the plea should be set aside * * *

* * * * * *

"We have given careful consideration to the authorities cited by counsel, People v. Schraeberg, 340 Ill. 620, 173 N.E. 148; People v. Long, 346 Ill 646, 178 N.E. 918, 920; and other cases. In the *Schraeberg* case the defendant did not fully understand the consequences of the plea and moreover it was taken in the absence of his counsel who had represented him the day before. In People v. Long it was held that the facts set out in the petition to set aside the plea were sufficient to raise the issue as to whether the defendant had been deprived of a substantial defense. In these circumstances it was held that the trial court could not arbitrarily refuse a hearing. We are in accord with the views expressed in these opinions and agree with the statement that 'discretion * * * should always be exercised in favor

of innocence and liberty.' '' Henning v. State, 184 Tenn. 508, 201 S.W.2d 669.

An extension of Justice Neil's recommendation in *Henning* to post conviction and habeas seeking to void judgments by collateral attack would seem to' encourage trial judges to grant evidentiary hearings in cases in which it does not affirmatively appear that the defendant in a criminal trial waived a fundamental constitutional right he alleges was violated.

I believe that the trial judge would have followed a proper and commendable procedure if he had required the public defender appointed to represent the petitioner to have amended the petition to more fully reflect the position of the prisoner. If it then appeared that the petitioner had knowledge of the alleged separation at the time it was supposed to have happened, a waiver of this right would be superimposed on the waiver of the right to appeal. Or in the absence of a more sufficient petition, a brief evidentiary hearing should have sufficed to determine if the petitioner had knowledge of the facts he relies on relative to the jury separation at the time he waived his appeal.

According to the record the petitioner was before the court in person at the time the court heard and determined the motion to strike the petition. Why, during such hearing, no one inquired of the petitioner about the circumstances under which he waived his right to appeal if he was dissatisfied with the jury's being allowed to separate does not suggest itself from the record. If such simple inquiry had been made, it no doubt would have

elicited from the petitioner information that would have established or tended to repudiate the waiver. No one would have been inconvenienced, and all doubt as to the validity of the conviction might easily have been resolved. Now, in the absence of further pursuit of this question, it must be apparent that there does exist a substantial possibility that the petitioner was in total and complete misapprehension of the facts and circumstances upon which he now predicates a collateral attack on his restraint. When such doubt exists on whether or not a constitutional right was disregarded, I would hold that an evidentiary hearing should be conducted.

For the reasons set out above I must respectfully dissent from the majority opinion.