Geeen, j.,
delivered the opinion of the court.
The plaintiff in error was indicted in the circuit court of Hardeman county, for murder, and was found guilty of murder in the first degree by the jury.' A new trial was moved for, and refused, and he appealed to this court.
Several grounds of error are insisted on here for the reversal of this judgment. 1. It is contended the indictment is bad, because it is in the common law form, and does not charge in the words of the statute, the offence of murder in the first degree.
This question was made, and ably, and earnestly pressed upon the consideration of the court, in the case of Mitchell vs. The State, 5 Yerg. R. The construction which was given to the statute in that case, has met with such general approval by the profession, that the correctness of the decision had never been questioned in this court, until now. We regard it as the settled law of this court, not now open to debate. 2. It is insisted the court erred in'setting aside L. O. Stewart, and refusing to permit him to be sworn on the jury. The record shows, that Stewart had.been called up, and sworn upon the voir dire, and in answer to questions by the court, stated that he had not formed or expressed an opinion in relation to the guilt’ or innocence of the defendant; that he was a householder or free-holder of the county of Hardeman; and that he was not of kin to the prisoner or prosecutor; and thereupon the court pronounced the said Stewart a good and lawful juror, and he was then accepted by the attorney general on the part *599 of the state, and was elected by the defendant, and ordered by the court to take his seat among his fellow jurors. Before said Stewart took his seat, he stated to the clerk, that he was not twenty-one years of age, which fact, the clerk irhmediately communicated to the court, and his honor enquired of Stewart if he was twenty-oné years of age, who replied, that from the best information he possessed, he did not believe he was— whereupon, the court ordered the juror to stand aside; to all which the defendant excepted. We do not think the court erred in refusing to permit this minor to serve as a juror, under the circumstances. The jury were not charged with the prisoner’s case, and until the entire pannel shall be made up, and the jury are sworn and charged with the case, the discharge of a juror who had been selected, is no- ground for the discharge of the prisoner. There is no reason, therefore, for insisting that the plaintiff in error is entitled to be discharged, because this juror was set a,side. But it is insisted, that the court erred in the exercise of its discretion in setting aside this juror, because the previous examination of the juror, and the decision of the court had absolved the juror, from thd obligation of the oath he had taken, and his statement in relation to his age, was not made on oath. This proposition is. untenable. It would hardly be deemed debatable, .if a court hear proof on amotion against a sheriff, and pronounce judgment; and afterwards, upon some suggestion, the matter is reconsidered, and the witness recalled to be further examined; that he need not be again sworn as a witness. If in such case, the witness were to make a false statement, corruptly, it would not be doubted, but that he would be guilty of perjury. And, on the same principle, Stewart, in this case, would have been guilty of perjury, if he'had testified to a falsehood corruptly. We do not doubt, but that if the court were arbitrarily, to discharge a juror, after he had been duly elected, without any *600 sufficient reason for so doing, it Would be error, and would entitle the defendant to a venire de novo.
But in this case, it is not questioned but that the cause shown, was sufficient to authorize the discharge; but it is insisted, that the time had passed for pronouncing a judgment thereon. We think that until the jury shall be sworn in the case; the court may, for any good cause, discharge a juror that has been selected, and. select another in his place.
3. The defendant moved for a new trial upon the affidavit of Henry A. Barry; which states, that after S. McNeely and others had been selected to serve on the jury, and had been placed in charge of an officer, and by the court charged to keep together, and converse with no one, the affiant saw the said McNeely separated and apai’tfrom the other jurors, and from the officer who had them in charge. The attorney general opposed the motion for a new trial, and introduced the affidavit of Silas McNeely, the juror who had separated from his fellows, which states, that the morning of the 1st of July (the time mentioned in Barry’s affidavit) the officer who had the jurors, placed in his charge, left the room at the Hotel where said jurors were; and that during his absence, the affiant was suddenly taken very ill with diarrhoea, and could not wait for the return of the officer; but in consequenee of the suddenness and violence of the attack aforesaid, was compelled to leave the Hotel to obey the calls of nature; and therefore he did retire a short distance from the Hotel for the cause aforesaid; but (was not separated from his fellows more than ten or fifteen minutes. While thus absent affiant saw Mr. Barry (whom he did not then know,) and requested him to send the constable to him, as he was sick and unable to return to the jury. Affiant saw some other gentleman, thirty yards from him, who asked affiant what was the matter; and affiant simply answered that he was sick from the attack aforesaid. This is all the conversation affiant had, while thus separated, and he was not *601 tampered with by any one, nor did any person speak to him in relation to the case, for the trial of which he had been selected. The attorney general also read the affidavit of U. T. Davis, the, constable in whose charge the jurors were placed, who states, that at the request of one of the jurors, he left them, to get some uncurrent banknotes exchanged for other money, to pay an execution; that he was absent but a short time, and when he returned, he found that Silas McNeely was absent from his fellows, having retired to a bottom a short distance from the hotel. Affiant immediately took the balance of the jury, and went to where McNeely was, and found him very ill. McNeely complained of being very sick, and affiant and the other jurors remained with him some time, in consequence of his illness. There was no one with McNeely, when affiant reached him. Upon these affidavits the court refused to grant a new trial in the case. It is of the utmost importance to the administration, of justice, that the purity of the trial by jury should be preserved. And so jealous were our ancestors upon the subject, that a separation of a juror from his fellows, was regarded per se, as sufficient to vitiate the verdict. It was not deemed competent for the prosecution to explain the conduct of the juror, and to show that he had not been tampered with. But this extreme strictness, has been relaxed in England, and most of the states of the Union; and as is justly remarked in Stone vs. The State, (4 Humph R. 38,) by the judge who delivered the opinion; “the purity oí jury trials is now made to depend, not on form, but substance.” Still, in that case, and in the case of McLean vs. The State, 10 Yerg. R. 241, it is held, that to ensure to the accused, “the full benefit of the judgment of his peers, it is absolutely necessary that the minds of the jurors, should not have prejudged his case; that no impression should be made except what is drawn from the testimony given in court, to operate on them; and that to secure this, they must not be permitted to separate and mingle with *602 the balance of the community, without explanation, showing that they had not been tampered with, and that it is not necessary for the prisoner to prove, that they had been.”
The principles laid down in these cases are, 1. That the fact of separation having been established by the prisoner, the possibility that the juror has been tampered with, and has received other impressions than those derived from the testimony in court, exists, and prima facie, the verdict is vicious; but 2nd. This separation may be explained by the prosecution,' showing that the juror had no communication with other persons, or that such communication was upon subjects foreign to the trial, and that in fact, no impressions, other than those drawn from the testimony, were made upon his mind. But 3.; In the absence of such explanation, the mere fact of separation is sufficient ground for a new trial. Taking these principles as the settled law of this court — the question is, whether the separation of the juror, McNeely, is satisfactorily explained. And we think it is not. The only witnesses who gives any explanation whatever, is the offending juror. This affidavit, it is true, excludes the possibility that he was tampered with, if his testimony shall be deemed sufficient to establish the fact. But we do not think this affidavit can be relied on as proof of the innocence of his conduct. He was in contempt of the court, for a violation of its order, and a disregard of his solemrf duty. He has, therefore, every motive of interest to shield himself, as far *as possible from blame. Besides, if he were base enough to permit persons to tamper with him, he would scarcely scruple to make a false statement to protect himself.
We think, therefore, that to hold that the affidavit of the offending juror only, was sufficient to explain his separation from his fellows, would establish a precedent, which would in effect destroy the rule, that a separation of the jury is cause for a new trial; The fact that jurors were not sworn, can make no difference. The evil is the same in this case, as if the facts *603 liad occurred in any other stage of the trial. Reverse the judgment, and remand the cause for another trial.