Geeen, J.
delivered the opinion of the court.
The prisoner was indicted in the circuit court of Shelby county, for the murder of Baily Anderson, his master, and was found guilty.
A motion was made for a new trial, and refused; and sentence of death was pronounced upon him, from which judgment the prisoner appeals to this court.’
It appears from the record, that the prisoner was arraigned and put upon his tidal on Thursday, the 5th day of September, 1850, and on that day, eight jurors were cmpannellcd *503 and sworn. These jurors, with the consent of the defendant and Attorney General, were, by the court, permitted to disperse until the next morning. On Friday, the 6th of said month, two other jurors were elected, and they, with the eight previously chosen, were permitted, with like consent, to disperse until Monday morning thereafter. On Monday, the 0th of the month, two other jurors 'were elected, and the jury being thus completed, the trial was proceeded with regularly.
The question upon these facts is, whether, for this separation of the jury, a new trial ought to be granted?
It is unquestionably the' settled law in England, that in capital felonies, no separation of the jury is allowed, and if it should occur, it is good cause for a new trial, unless it be explained. In this State, a separation of the jury, unexplained, is of itself, cause for a new trial; because, if the juror separating himself from his fellows, is placed in a situation in which he might be tampered with, the court will not speculate as to whether any injury has resulted to the prisoner; but will set aside a verdict so obtained. McLain vs. the State, 10 Yerg. R. 241. Hines vs. the State, 8 Hum. R. 602. In such case, it is incumbent on the State, to show that the juror, was not in fact tampered with.
In some of the States, a distinction has been taken between a separation before the jury are sworn and charged with the case, and one which may occur after evidence has been .submitted to them. But in this State., no such distinction has been made, and we think none exists in reason. The mis-chiefs which may result from a separation, are the same in the one case, and in the other. And, therefore, the law should be the same. In the case before us, the separation was permitted by the .court, and consented to by the defendant, and, therefore, it is supposed, the principles above do not apply.
If the law requires the jury, in a capital case, to be kept together, the court cannot dispense with this requisition of *504 law. Nor ought the consent of the prisoner, in a capital case, to be taken.
In the case of The King vs. Woolf and others, 1 Chitty 400, 18 Eng. Com. L. R. 115, the defendants were convicted of a conspiracy; and on a rule to show cause why the verdict should not be set aside, because the jury dispersed and separated during the interval of an adjournment, before they delivered their verdict, the court refused the application, and held that in misdemeanors, it is in the discretion of the court, to allow a separation of the jury, and that, although an unauthorized separation may be a misdemeanor in the jurors and subject them to punishment, yet it is no cause for a new trial. Abbott, Ch. J., said he had known many cases, where on the trial for a misdemeanor, the jury had been allowed to separate, and each of these cases were evidence that the law was so. But, he said, it had been argued, that in these cases, the defendants had consented to the separation. To this argument, he replied : “I am of opinion that can make no difference. I think the consent of a defendant in such case ought not to be asked ; and my notion for thinking so is that if that question is put to him, he cannot be supposed to exercise a fair choice in the answer he gives, for it must be supposed he will not oppose any obstacle to it, for if he refuses to accede to such an accommodation, it will excite that feeling against him, which every person standing in the situation of a defendant, would wish to avoid. I am also of opinion, that the consent of the judge would not make, in such case, that lawful which was unlawful in itself, for if the law requires, that the jury shall at all events be kept together until the close of a trial for a misdemeanor, it does not appear to me that the judge would have any power to dispense with it.”
This reasoning, to our mind, when applied to a case of capital felony is conclusive. The judge cannot, lawfully dispense with the rule, that the jury must be kept together. Nor ought *505 the consent of a prisoner, in such case, to be taken. And in a case like this, where the prisoner is a slave, and ignorant of his rights, and the case one calculated to excite the community against him, the rules of law for securing an impartial trial of the case, ought to be the more firmly enforced.
Reverse the judgment, and remand the prisoner for another trial.