**STATE of Tennessee, Appellee,**

v.

**Bobby WALKER, Appellant.**

**No. 146.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Sept. 25, 1985.

Permission to Appeal Denied by Supreme Court Dec. 30, 1985.

Floyd Hutcherson, Rockwood, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Gordon W. Smith, Asst. Atty. Gen., Nashville, Charles E. Hawk, Dist. Atty. Gen., Kingston, D. Roger Delp, Asst. Dist. Atty. Gen., Loudon, for appellee.

OPINION

DWYER, Judge.

There is one issue on this appeal of right, T.R.A.P. 3(b), from a conviction and sentence of confinement for not less than nor more than three years for receiving stolen property over $200, T.C.A. § 39-3-1112.

The issue: Did the trial court err in allowing the dispersal of the jury at the conclusion of the first day of the trial after hearing the evidence. See T.C.A. § 40-18-116. The answer to the issue is that the court did err in allowing the separation.

At the conclusion of the first day of the trial the following took place. The trial judge informed the members of the jury that he was going to allow them to go home for the night. However, prior to making this statement to the jury, the trial judge failed to obtain the consent of the appellant and the State, as required by T.C.A. § 40-18-116. The State's attorney, obviously noting the error of the trial court, requested a bench conference and asked for the appellant to agree and have it put in the record that he did not object to the procedure. A cursory reading of the following colloquy would convince any fair

minded reader that the appellant was opposed to the dispersal. The State argues there was a waiver for there was no objection entered. Yet the transcript plainly reveals that appellant's counsel stated, "I just can't waive that right." Regardless, the trial judge stated, "I'm going to send them home anyway." Which brings the Court back to the beginning, that is, the trial court *sua sponte* informed the jury they were going to be allowed to go home. This action clearly was contrary to the plain wording of the statute and was error. In addition, a juror the next morning was observed in the hallway in a conversation with the State's attorney. At the motion for new trial, the State's attorney testified the juror sought to discuss with him a case that the juror had served on some years before.

We have closely read *Gonzales v. State*, 593 S.W.2d 288 (Tenn.1980) relied on by both parties. We have constructed from that authority that reversible error occurred in the separation of the jury in this case. The trial court violated the statute by *sua sponte* dispersing the jury without first obtaining the consent of the parties. Further, when the members of the jury returned the following day, they were not questioned concerning their activities during the period of separation. In another light, the separation, absent an explanation, under *Hines v. State*, 27 Tenn. 597 (1848) is prima facie evidence the verdict is vicious. In short, the record reflects that under these circumstances, the separation is still unexplained. It therefore cannot be harmless error as urged by the State. The issue being sustained, the judgment is set aside with remand for a new trial.

O'BRIEN and TATUM, JJ., concur.