**Marilyn JONES, Appellee,**

v.

**STATE of Tennessee, Appellant.**

Court of Criminal Appeals of Tennessee,
Nashville.

April 20, 1995.

Charles W. Burson, Attorney General and Reporter, Amy L. Tarkington, Assistant Attorney General, Nashville, John Wesley Carney, Jr., District Attorney General, James W. Kirby, Asst. Dist. Attorney General, Ashland City, for appellant.

Michael R. Jones, District Public Defender, Springfield, for appellee.

## OPINION

SUMMERS, Judge.

The appellee, Marilyn Jones, was convicted of first-degree murder and sentenced to life imprisonment. This Court affirmed her conviction and sentence, and the Tennessee Supreme Court denied her application for permission to appeal. The appellee filed a petition for post-conviction relief which the trial court dismissed. No appeal was taken from the trial court's dismissal. The appellee then filed a second post-conviction petition, which was ultimately granted. The State now appeals the granting of the appellee's second petition.

The post-conviction court granted the appellee's second petition for post-conviction relief, finding that the trial court's failure to sequester the jury violated the appellee's constitutional rights. The post-conviction court also found that trial counsel's failure to discuss the jury sequestration issue with the appellee denied her the effective assistance of counsel.

The post-conviction court's finding that the appellee's constitutional rights were violated by the trial court's failure to sequester the jury is based primarily on our holding in *State v. Furlough,* 797 S.W.2d 631 (Tenn. Crim.App.1990). In *Furlough,* we held that although the right to a sequestered jury can be waived, *see* T.C.A. § 40–18–116 (1990), where there is no waiver, denial of the right will result in a reversal of the defendant's conviction unless the state can make an affirmative showing that there was no prejudice to the defendant. 797 S.W.2d at 645.

Because the record contained no explicit waiver, the post-conviction court found that the appellee did not waive her right to a sequestered jury. The findings of the trial court in post-conviction hearings are conclusive on appeal unless the evidence preponderates against the judgment. *State v. Buford,* 666 S.W.2d 473, 475 (Tenn.Crim.App. 1983); *Clenny v. State,* 576 S.W.2d 12, 14 (Tenn.Crim.App.1978). In this instance, the evidence preponderates against a finding that the appellee did not waive her right to a sequestered jury.

In *State v. Furlough,* 797 S.W.2d 631 (Tenn.Crim.App.1990), and its progenitors, *Gonzales v. State,* 593 S.W.2d 288 (Tenn.1980), and *Hines v. State,* 27 Tenn. 597 (1848), the defendants raised the sequestered jury issue at trial and again on direct appeal. In both *Gonzales* and *Hines,* there was an impermissible separation of jurors after the jury had actually been sequestered. The defendant in *Furlough* refused on the record to waive the right to a sequestered jury before the jury selection process began and again after jury selection but before the introduction of testimony. 797 S.W.2d at 644. These cases are simply inapposite where, as here, the defendant is present in open court and fails to object to the separation of the jury until her second petition for post-conviction relief. While the trial court should se-

quester the jury unless the state and the defendant consent to waive sequestration, T.C.A. § 40–18–116 (1990), by failing to raise the issue at trial when any prejudicial effect of the error could have been prevented, the appellee has waived this issue as a ground for relief. T.R.A.P. 36(a). To hold otherwise would allow defendants to automatically create an issue for appeal by not responding to the trial court's declaration in open court that the jury will not be sequestered.

■■■ The post-conviction court also found that the appellee was denied the effective assistance of counsel because her attorney at trial failed to advise her of her right to have the jury sequestered. The appropriate test for determining whether counsel provided effective assistance at trial is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn.1975). Under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), there is a two-prong test which places the burden on the appellant to show that (1) the representation was deficient, requiring a showing that counsel made errors so serious that she or he was not functioning as "counsel" as guaranteed a defendant by the Sixth Amendment, and (2) the deficient representation prejudiced the defense to the point of depriving the appellant of a fair trial with a reliable result. To succeed on his claim, the appellant must show that there is a "reasonable probability," which is a probability sufficient to undermine confidence in the outcome that, but for the counsel's unprofessional errors, the results of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068.

■■■ The appellee maintains that her trial counsel never discussed with her the issue of whether the jury would be allowed to go home at night. The appellee's trial counsel testified at the post-conviction hearing and admitted that he never discussed the issue with his client. As the Court pointed out in *Strickland*, however, "The object of an ineffectiveness claim is not to grade counsel's performance." *Id.* at 697, 104 S.Ct. at 2069. When deciding an ineffective assistance of counsel claim, there is no need to address

both components if the defendant makes an inadequate showing on one. *Id.* The appellee presented absolutely no evidence of prejudice arising from counsel's failure to inform her of her right to have the jury sequestered. The evidence preponderates against the post-conviction court's finding that counsel was ineffective.

Having reviewed both issues relied upon by the post-conviction court in granting the appellee's petition for post-conviction relief, we find them to be without merit. The appellee's conviction is therefore affirmed and the judgment of the post-conviction court is:

**REVERSED.**

Upon entry of judgment in this case the appellee's bond is revoked and she is to be returned to the Tennessee Department of Correction to serve her sentence.

SCOTT, P.J., and JONES, J., concur.