# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs November 23, 2010

## PAUL JAY VASSALLO v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Sevier County**
**No. 13813-II      Richard R. Vance, Judge**

---

### No. E2010-00004-CCA-R3-CD - FILED JANUARY 14, 2011

---

On January 12, 2009, the Defendant, Paul Jay Vassallo, pleaded guilty to three counts of forgery, one count of aggravated burglary, and one count of theft of property valued under $500. Pursuant to the terms of the plea agreement, he received a sentence of two years at 30% for each forgery conviction, a sentence of four years at 30% for the aggravated burglary conviction, and a sentence of eleven-months and twenty-nine days at 75% for the theft conviction. These sentences were concurrent terms, resulting in an effective four-year sentence at 30%. Thereafter, the Defendant filed a motion to withdraw his guilty plea, and the motion was denied. The Defendant now appeals, contending that his guilty plea was made based upon a gross misrepresentation by the prosecutor. After our review, we affirm the judgments of the Sevier County Circuit Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Rolfe A. Straussfogel, Sevierville, Tennessee, for the appellant, Paul Jay Vassallo.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; James Dunn, District Attorney General; and George Ioannides, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

In January 2009, a Sevier County grand jury returned a five-count presentment against the Defendant, charging him with three counts of forgery (a Class E felony), one count of

aggravated burglary (a Class C felony), and one count of theft under $500 (a Class A misdemeanor) . See Tenn. Code Ann. §§ 39-14-103, -105, -114, -403. He pleaded guilty as charged on August 31, 2009.

The trial court held a guilty plea submission hearing. The facts underlying these offenses were summarized by the State as follows:

> Detective Matthew Cubberly and our victim here, Ms. Sylvia Pettit, would testify that she had gone on vacation. . . . And she knew Ms. Stiltner, and she still knows Ms. Stiltner and feels sorry for her situation and believes that she was led into this situation by [the Defendant] who's [sic] record is not good.
>
> Basically, she had gone on vacation, and while she was gone three or four TV's—plasma screen TV's were stolen from her residence, her check book was stolen, checks were written to Ms. Stiltner and [the Defendant], and this all happened while she was out on vacation and Ms. Stiltner had access to her home. But, obviously not for this permission. [The Defendant], obviously, never had permission to enter this home.
>
> Ms. Stiltner actually pled guilty to accessory after the fact on this. And, your Honor, the checks were made out to [the Defendant], they were cashed, and one of the TV's was pawned. And that's the only one that was being able to be recovered, and it is—it's the least amount of money. So, the restitut[ion] is great on this. Ms. Pettit is out a lot of money. And I believe that drugs were behind this, because it was only a couple of days after this, or before this, where [the Defendant] went on a crime spree in Blount County and committed two aggravated robberies.

The trial court questioned the thirty-seven-year-old Defendant about his decision to plead guilty. The Defendant stated that he was satisfied with counsel. When the trial court asked the Defendant if anyone had promised him anything or pressured him into pleading guilty, the following exchange occurred:

> THE DEFENDANT: No, your Honor. I was told that it would be run—my time here run with Blount County, though, concurrent.
>
> THE COURT: Okay. Part of the plea agreement—
>
> [DEFENSE COUNSEL]: That is part of our agreement. Yes.

THE DEFENDANT: Yes.

THE COURT: Other than the plea agreement itself.

THE DEFENDANT: Yes.

The trial court then asked the Defendant if he was taking any substance or had a condition which would keep him from understanding the proceedings, and the Defendant replied in the negative. The Defendant confirmed that he was freely and voluntarily waiving his right to a trial by jury. The trial court then had the prosecutor outline the Defendant's sentence under the terms of the agreement. At the conclusion of this explanation, the trial court inquired further:

THE COURT: Okay. So, the net's four years.

[PROSECUTOR]: The net is four years to serve. I believe the sentence he's going to get up in Blount County is around ten years.

THE COURT: And this is concurrent with Blount or—

[PROSECUTOR]: Yes.

[DEFENSE COUNSEL]: There's an understanding. He hasn't pled there yet, you Honor.

THE COURT: Okay. So, that—

[DEFENSE COUNSEL]: But there's an understanding between DA's that these will run concurrent.

THE COURT: That's up to Blount County.

[PROSECUTOR]: I have spoken to the DA there. Her name escapes me; it's on my desk. But, we've had significant discussions about what they are offering and us running them concurrent.

The Defendant acknowledged the recitation of facts given by the prosecutor.

Pursuant to the terms of the agreement, the trial court sentenced the Defendant to concurrent terms of two years as a Range I, standard offender for each forgery conviction,

four years as a Range I, standard offender for the aggravated burglary conviction, and eleven-months and twenty-nine days at 75% for the theft conviction. The effective four-year sentence was "to serve" in the Department of Correction. Additionally, the Defendant was ordered to pay court costs and to pay restitution to the victim in the amount of $7,600 and to the pawn shop for $122. Judgments of conviction were filed on September 1, 2009.

On September 22, 2009, the Defendant, with the assistant of counsel, filed a one-page motion to withdraw his guilty plea pursuant to Rule 32(f) of the Tennessee Rules of Criminal Procedure. In the motion, the Defendant complained that "[h]is acceptance of this plea was based on information received through the District Attorney's Office that he would receive a sentence of 10 years to serve in Blount County" and that this information turned out to be incorrect.

A hearing on the motion was held. Defense counsel[1] testified that the Sevier County case had been reset multiple times in order to allow Blount County time to resolve the aggravated robbery charges, in hopes of simplifying the process. However, the case was again on the docket on August 31, and no resolution had been achieved in Blount County. The trial court indicated to the parties that the case needed to be resolved or set for trial. Although the Defendant was supposed to enter a plea in Blount County just two weeks after his hearing date, the trial judge would not allow the matter to be reset again.

According to defense counsel, she had talked with the Sevier County District Attorney frequently about the Defendant's case and their discussions were as follows:

> [I]f he's going to get, you know, a ten year sentence in Blount County, then we can't offer him anything like split confinement here. She had talked—she told me that she had talked to the D.A. multiple times at length and that the D.A. told her she was not going to come off of the ten year sentence. She was not going to reduce the charge. It was going to be ten years to serve and that was it.

The Defendant did inform defense counsel, contrary to the information she was receiving from the Sevier County District Attorney, that a ten-year deal to serve was not the information he was getting from his Blount County attorney. Defense counsel testified that she tried to contact the Defendant's attorney in Blount County twice before he entered his plea to these charges. Although that lawyer returned her call and left a voicemail, she was not able to talk to him in person prior to the Defendant's plea in this case. After the plea, she

---

[1] Defense counsel had withdrawn from the Defendant's case prior to this hearing. He was being represented by new counsel.

was able to speak with the Defendant's Blount County attorney who told her he was trying to negotiate a split confinement sentence for the Defendant. The Defendant's Blount County lawyer "said there was no specific number of years" agreed upon for the aggravated robbery charges. Moreover, defense counsel did not believe that the Defendant's lawyer had even spoken with the Blount County District Attorney.

After being contacted by the Defendant's family, defense counsel filed a motion to withdraw the Defendant's plea; she "was very concerned." When asked if she thought the Defendant's plea offer would have been different in this case had split confinement been available in Blount County, defense counsel answered, "Yes."

On cross-examination, defense counsel confirmed that, at the time of plea, the Defendant was aware that the matter in Blount County had not been resolved and that he faced a range of eight to twelve years on those charges. Defense counsel stated that she advised the Defendant that such a sentence was not eligible for probation, that it must be served in the penitentiary. Defense counsel confirmed that the Defendant was informed of all his rights at the guilty plea hearing and that there was no coercion in this case. Defense counsel also affirmed that the trial court told the Defendant he could only rely on the details included in the plea agreement and that his actual sentence in Blount County would be determined there. The Defendant, knowing all of these details, agreed to enter a guilty plea to the Sevier County charges.

On redirect, defense counsel testified that the Sevier County District Attorney spoke directly with the Defendant at the guilty plea hearing: "She said, I have spoken to the District Attorney on your case in Blount County several times and she has told me that she won't go below ten years on your case." On re-cross, defense counsel confirmed that the Defendant "got everything he wanted" in this plea agreement, referring to the Defendant's desire for concurrent sentencing.

The Defendant then testified. The Defendant was asked when he first became aware that a ten-year sentence was being offered:

> What I recall, it was the last time I was here in court, [defense counsel] had presented the four year plea in front of me, and we were going over it, and I asked her at one point, well, what happened to the probation that was discussed back on like May 6th, and she told me at that point they weren't able to give me probation due to my charges in Blount County. And I go, well, is there any way we can get community correction, anything like that, and she said no. And that's when [the district attorney] had turned and said, well, I

talked to the D.A. in Blount County and they're giving you ten years when you get back there.

Prior to that time, no one in Blount County had mentioned a ten-year sentence to him. He desired to have the case reset, but was not able to do so due to the number of times it had already been reset.

After the Defendant entered his plea to these charges, he was returned to Blount County. About a week after his return, his Blount County lawyer came to the jail to visit him, and the Defendant relayed to his lawyer what had occurred in Sevier County. His Blount County attorney gave the following advice:

> He right away told me to withdraw my plea, and then he said, no, give me [defense counsel's] number and I'll try to withdraw it for you. I guess he called [defense counsel] and he told me that ten years has never been discussed is what he had told me when he came to see me.

He accepted the "four-year to serve" offer in Sevier County because he could not reschedule the hearing and "what's four years running with ten. It wouldn't really matter."

On cross-examination, the Defendant confirmed that his signature appeared on the plea agreement. He also acknowledged that he was informed of his right to plead not guilty and receive a jury trial, his right to cross-examine witness, and his right to have the State prove every element of the offenses and that, after being advised of all of those rights, he still chose to plead guilty. The Defendant acknowledged that, at the guilty plea hearing, he said that he had been informed of every element of the offenses and of the sentencing possibilities and exposure he faced.

The Defendant explained that, during discussions with defense counsel wherein he expressed his concerns about the uncertainty of the Blount County sentence, defense counsel told him "at any time you have thirty days to withdraw this plea. . . . And that's what helped kind of, well, all right, if that's the case I can withdraw it within thirty days." He then stated that defense counsel fully advised him of his rights. The Defendant stated that all of his questions had been answered before the guilty plea hearing and that he was satisfied with defense counsel's representation.

Upon questioning by the trial court, the Defendant stated that he still had not entered a plea in Blount County because "[t]hey're waiting to see what happened with this situation right here with my plea withdrawal." The trial court then inquired as to what plea offers Blount County had offered the Defendant; the Defendant replied that his lawyer had

informed him that the district attorney was considering a sentence of eight or nine years and that a portion of his sentence could possibly be served in the Community Corrections Program. However, the Defendant acknowledged that no formal offer had been extended.

Following the conclusion of proof, the trial court denied the Defendant's motion to withdraw his plea. An order was entered on December 21, 2009, denying the motion. This appeal followed.

## Analysis

On appeal, the Defendant argues that it was error for the trial court to deny his motion to withdraw his guilty plea. Once a defendant enters a guilty plea, it "cannot later be withdrawn as a matter of right." State v. Mellon, 118 S.W.3d 340, 345 (Tenn. 2003) (citing State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995)); see also State v. Crowe, 168 S.W.3d 731, 740 (Tenn. 2005). Whether a defendant should be allowed to withdraw his guilty plea is within the sound discretion of the trial court. Mellon, 118 S.W.3d at 345-46 (citing Henning v. State, 201 S.W.2d 669, 671 (Tenn. 1947)). On appeal, "[t]he trial court's decision 'will not be reversed unless it clearly appears that there was an abuse of discretion.'" Crowe, 168 S.W.3d at 740 (quoting Henning, 201 S.W.2d at 671). "An abuse of discretion exists if the record lacks substantial evidence to support the trial court's conclusion." Id. (citing Goosby v. State, 917 S.W.2d 700, 705 (Tenn. Crim. App. 1995)).

Rule 32(f) of the Tennessee Rules of Criminal Procedure provides the standards governing the withdrawal of a guilty plea. Turner, 919 S.W.2d at 354. The rule is as follows:

> (1) Before Sentence Imposed. Before sentence is imposed, the court may grant a motion to withdraw a guilty plea for any fair and just reason.
>
> (2) After Sentence But Before Judgment Final. After sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice.

Tenn. R. Crim. P. 32(f). The rule dictates that one of two standards is to be applied, and which standard governs depends on whether a defendant moves to withdraw his guilty plea before or after sentence is imposed. Crowe, 168 S.W.3d at 740-41. As the Defendant in the present case moved to withdraw his guilty plea after sentence was imposed, the latter, more strenuous standard applies. See id. Accordingly, the court should have allowed the guilty plea to be withdrawn only to correct a "manifest injustice." See id.; see also Tenn. R. Crim. P. 32(f)(2). Moreover, the Defendant had the burden of establishing that he should be

allowed to withdraw his guilty plea to prevent a manifest injustice. Turner, 919 S.W.2d at 355.

Tennessee courts have allowed the withdrawal of guilty pleas to prevent manifest injustice where:

> (1) the plea was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily; (2) the prosecution failed to disclose exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83 (1963), and this failure to disclose influenced the entry of the plea; (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the effective assistance of counsel in connection with the entry of the plea.

168 S.W.3d at 742 (citations, footnotes, and internal quotations omitted). Further, manifest injustice may be found where the State's prosecutor has induced the plea through "gross misrepresentation." Turner, 919 S.W.2d at 355; see also Swang v. State, 42 Tenn. (2 Cold.) 212 (1865). Courts have also found that manifest injustice resulted from the trial court's failure to advise a defendant of the appropriate sentencing range, to apply the appropriate sentencing statute, or to inform a defendant of the consequences flowing from the guilty plea. State v. Antonio Demonte Lyons, No. 01C01-9508-CR-00263, 1997 WL 469501, at *12 (Tenn. Crim. App., Nashville, Aug. 15, 1997). In contrast, a defendant's change of heart about pleading guilty or a defendant's dissatisfaction with the punishment ultimately imposed does not constitute manifest injustice warranting withdrawal. Turner, 919 S.W.2d at 355.

Lastly, we note that the concept of manifest injustice under Rule 32(f) is not identical to the requirements of constitutional due process; however, when "there is a denial of due process, there is a 'manifest injustice' as a matter of law." State v. Davis, 823 S.W.2d 217, 220 (Tenn. Crim. App. 1991) (quoting United States v. Crusco, 536 F.2d 21, 26 (3d Cir. 1976)). "[A] trial court may, under some circumstances, permit the withdrawal of a guilty plea to prevent manifest injustice even though the plea meets the 'voluntary and knowing' requirements of constitutional due process." Lyons, 1997 WL 469501, at *7.

In this case, the Defendant argues that his guilty pleas should be withdrawn because they were not knowingly, understandingly, or voluntarily entered. Specifically, the Defendant contends that the Sevier County District Attorney's statement to him (that the Blount County District Attorney informed her that the Defendant would receive a sentence of ten years "to serve" in that county) "on his plea date to secure a plea when he has no recourse at that moment to confirm or deny the veracity of it, constitutes a gross misrepresentation, whether intentional or not." The Defendant also argues, for the first time

on appeal, that, at the guilty plea hearing, the trial court failed to fully explain the elements of the offenses to him, failed to determine whether he fully understood the offenses, and failed to inquire whether the plea resulted from discussions between defense counsel and the State.

We begin our analysis by noting that the determination of whether a plea was entered voluntarily and knowingly is made based on the totality of the circumstances. See Turner, 919 S.W.2d at 353. The transcript from the guilty plea hearing reflects that the trial court explained to the Defendant that he could not rely on anything outside of the plea agreement, that the plea agreement itself included only an agreement to concurrent sentencing with the Blount County sentence, and that any other particulars regarding that sentence were left to the discretion of Blount County. Moreover, the Defendant confirmed that he was freely and voluntarily waiving his right to a jury trial. The Defendant said that he was neither under the influence of any substance nor suffered from any mental defects. The Defendant was also expressly asked if he was being pressured to plead or offered anything in exchange for his plea, to which he answered no. Furthermore, the Defendant stated that he was satisfied with defense counsel's representation. The prosecutor outlined the Defendant's sentence under the terms of the agreement, and the Defendant acknowledged the recitation of facts supporting his convictions.

In denying the Defendant's motion to withdraw, the trial court reasoned as follows:

There's a lot of speculation. At the time the plea was entered, as the proof will find, this defendant understood, and in reviewing the transcript, it's clear that this defendant . . . understood his rights. He understood them clearly. He understood what the plea agreement in this case would be. He understood that the agreement was that this sentence would run concurrent with Blount County.

I've heard reference made to what an attorney in Blount County said. I've heard reference to what [the Sevier County District Attorney] said the D.A. said in Blount County. [The Sevier County District Attorney] is not here. The Blount County attorney is not here. They were not subpoenaed to be here. But what I know from the record and the transcript . . . [the trial court then quoted relevant portions from the guilty plea hearing transcript].

That's what—you know, here again, referring to Blount County, it is difficult for any defendant who is charged in multiple counties, where there is not formal agreement as to each county, to predict what will happen in the other county. It's difficult for the attorneys to predict. It's difficult for anyone

-9-

to predict. It was never represented that there was any specific plea offer by the District Attorney in Blount County by anyone other than reference to something somebody else said. I don't have anything in front of me from Blount County. I don't have the D.A. from there or any information on that. In fact, this defendant had had discussions with his own attorney in Blount County before entering this plea where before discussions were between eight and nine years were discussed. Again, no specific plea agreement. He told us that they didn't have a plea agreement and don't have one to this day. He's still facing a charge in Blount County of aggravated robbery with a range of eight to twelve years. There's nothing before this [c]ourt to indicate in any way that Blount County has come off of that. That's the risk [the Defendant] ran at the time he entered this plea. It could be greater than that. He could end up with twelve in Blount County. He could wind up with eight. He could wind up with a dismissal if he went to trial and found not guilty. He could wind up with a substantial reduction if a witness became unavailable, if a lot of things happened, as we all know, in trying to actively predict what will happen in a given case.

I think it's clear that he's expecting a greater sentence in Blount County. He didn't know and didn't have a specific offer. There's nothing in front of the [c]ourt today that tells me what particularly has been offered. Apparently, according to what [the Defendant] says, he doesn't have an offer from Blount County.

It goes back to the issue of whether or not the plea that he entered in this court was done voluntarily. There is no evidence in any way that he was made promises, that he was threatened. He had some expectations, but he still didn't know and doesn't know to this day what Blount County is going to do. But I find nothing in this record to show that the plea that he entered was not fully voluntarily made, understanding what he was doing. Again, he took a risk but a risk of which he was informed, and nothing has happened to change the facts and circumstances that existed on that day to today because nothing has happened in Blount County. So for all those reasons the [c]ourt must deny the motion to set aside the plea and find that it was fully and voluntarily made, and I see no legal reason to set it aside. So let the motion be denied.

We agree with the trial court that the Defendant failed to present adequate evidence to show that his pleas were entered unknowingly or involuntarily. He does not argue that there was any collusion between the district attorneys in an effort to induce him to plead guilty. His argument is simply that, following entry of his plea in Sevier County, he was

informed by his Blount County lawyer that he might receive a more lenient sentence than he expected; the Defendant is not complaining that he failed to receive the benefit of his plea agreement. The Defendant is attempting to renegotiate his plea in Sevier County based upon this new (and favorable) information from Blount County. See, e.g., United States v. Pluta, 144 F.3d 968, 974 (6th Cir. 1998) ("[A] motion to withdraw a guilty plea cannot be used as a means to achieve a better bargaining position for later plea negotiations." (citing United States v. Alexander, 948 F.2d 1002, 1004 (6th Cir. 1991))).

Additionally, defense counsel testified that the Defendant was informed of all his rights at the guilty plea hearing and that there was no coercion in this case. The Defendant testified that he knew his Blounty County case had not yet been resolved and that, prior to his hearing in Sevier County, no one in Blount County had mentioned a ten-year sentence to him. The Defendant said that he was informed of his right to plead not guilty and receive a jury trial, his right to cross-examine witnesses, and his right to have the State prove every element of the offense. After being advised of all of those rights, he still chose to plead guilty. The Defendant affirmed that, at the guilty plea hearing, he had been informed of every element of the offenses and of the sentencing possibilities and exposure he faced. The Defendant acknowledged the facts as summarized by the prosecutor. See State v. Crowe, 168 S.W.3d 731, 749 (Tenn. 2005) ("Another source from which a defendant may gain an understanding of the nature of the offense is the prosecution's summation at the plea submission hearing of the facts relevant to the elements of the plea offense." (citing State v. Johnson, 751 A.2d 298, 322 (Conn. 2000))). Moreover, the Defendant stated that all of his questions had been answered before the guilty plea hearing and that he was satisfied with defense counsel's representation.

Under these circumstances, we cannot conclude that the Defendant established that he entered his guilty pleas unknowingly or involuntarily. Accordingly, we conclude that there was no manifest injustice in this case and, therefore, the trial court did not err in denying the Defendant's motion to withdraw his guilty pleas. This issue is without merit.

## Conclusion

Based upon the foregoing authorities and reasoning, we affirm the trial court's denial of the Defendant's motion to withdraw his guilty plea. The judgments of the Sevier County Circuit Court are affirmed.

_____

DAVID H. WELLES, JUDGE