IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 9, 2025

**STATE OF TENNESSEE v. LORENZA ZACKERY**

**Appeal from the Criminal Court for Davidson County**
**No. 2009-A-941      Jennifer Smith, Judge**
_____

**No. M2025-00597-CCA-R3-CD**
_____

The defendant, Lorenza Zackery, appeals the order of the trial court denying his motion to withdraw his guilty plea. Upon our review of the record and the parties' briefs, we dismiss the appeal as untimely.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Lorenza Zackery, Clifton, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Garrett D. Ward, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Brian Ewald, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

The defendant was indicted by a Davidson County grand jury of six counts of rape of a child, seven counts of rape, three counts of statutory rape by an authority figure, and one count of especially aggravated sexual exploitation of a minor. On January 24, 2011, the defendant entered a guilty plea to two counts of rape of a child and received an effective sentence of twenty years. Subsequently, the defendant filed a petition for post-conviction relief, a petition for writ of error coram nobis, and a petition for writ of habeas corpus. All petitions were denied, and this court upheld the denials on appeal. *See Lorenza Zackery v.*

*State*, No. M2018-00944-CCA-R3-HC, 2019 WL 211923, *1 (Tenn. Crim. App. Jan. 16, 2019).

On December 27, 2024, proceeding *pro se*, the defendant filed a "Motion to Withdraw Ineffective Agreement Contract & Cease False Imprisonment Caused Due [to] Non-Entered Unenforceable Purported Judgment(s)." The defendant argued that his judgments were unenforceable because they lacked the "mandatorily required trial court clerk's file-stamp,"[1] and thus, he sought to withdraw his "ineffective plea agreement." The trial court construed the defendant's motion as a motion to withdraw his guilty plea pursuant to Tennessee Rule of Criminal Procedure 32(f). On February 27, 2025, after considering the defendant's motion, the trial court denied the motion. In its order, the court found that the defendant's motion was filed after the judgment became final and, therefore, was untimely. Further, the trial court highlighted this Court's prior determination in the appeal of the defendant's habeas corpus petition that the defendant's judgments were valid, making his plea agreement enforceable. *See Zackery*, 2019 WL 211923 at *2.

On April 2, 2025, the defendant filed a "Motion to Rescind the Court's Order & Thereby Adjudge unto Literal Compliance with Tennessee Law, the Stare Decisis Established Under Tennessee Appellate Decisional Law & the Mandate Prescribed in Accordance with the Tennessee Constitution Under Article I §8." In his motion, the defendant challenged the trial court's denial of his motion to withdraw his guilty plea. The trial court construed the defendant's motion as a motion to reconsider. On April 14, 2025, the trial court denied the defendant's motion citing its lack of authority to reconsider its previous order under the Tennessee Rules of Criminal Procedure.

On April 28, 2025, the defendant filed the instant appeal.

### *Analysis*

On appeal, the defendant contends the trial court committed "plain error" in denying his motion to withdraw his guilty plea because he presented "apparent" evidence to correct a manifest injustice. The State notes the untimely filing of the defendant's notice of appeal and refutes the defendant's argument, contending that the trial court did not abuse its discretion in dismissing the defendant's motion to withdraw his guilty plea. After review, we agree with the State and conclude the defendant's appeal is untimely and should, therefore, be dismissed.

---

[1] The defendant's argument that his judgments were illegal because they were originally filed in the record absent the clerk's file-stamp was addressed and dismissed by this Court in its denial of his petition for writ of habeas corpus. *Id.* at *1.

Pursuant to Rule 4, Tennessee Rules of Appellate Procedure, a notice of appeal shall be filed within thirty days after entry of the judgment from which an appeal is sought. Tenn. R. App. P.4(a). In criminal proceedings, however, the notice is not jurisdictional. *Id.* Accordingly, this Court may review untimely appeals and determine whether the notice requirement should be waived. *Id.* "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). "To hold otherwise, by summarily granting waiver whenever confronted with untimely notices, renders the thirty-day requirement a legal fiction and circumvents the Rule." *Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996). It is the defendant's burden to establish that a waiver of the notice of appeal is appropriate. Tenn. R. App. P. 4(b).

Here, the trial court's order reflecting the denial of the defendant's motion to withdraw his guilty plea was filed on February 27, 2025. The defendant's notice of appeal was filed on April 28, 2025, an approximate month after the deadline by which a notice of appeal must be filed.[2] Therefore, the notice of appeal was untimely.

While this Court retains the authority to waive the timeliness requirement of the appeal, the defendant did not request a waiver of the rule. As noted above, waiver should only occur when "the interest of justice" requires such. *Rockwell*, 280 S.W.3d at 214. In response to the State's argument that the appeal should be dismissed as untimely, the defendant simply stated that prison security's "interferences with access to the law library and legal assistance" caused the delay. Ultimately, the "interest of justice" does not mandate the waiver of the timeliness requirement in this case, and the instant appeal is dismissed.

Moreover, even if this Court deemed the waiver of the timeliness requirement to be in the interest of justice, the defendant's appeal would be denied. A defendant does not have a unilateral right to withdraw a plea. *State v. Mellon*, 118 S.W.3d 340, 345 (Tenn. 2003); *see also State v. Turner*, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995). Whether a defendant should be permitted to withdraw a plea is a matter addressed to the sound discretion of the trial court, regardless of when the motion is filed. *Mellon*, 118 S.W.3d at 345; *see also Henning v. State*, 201 S.W.2d 669, 671 (1947). The trial judge "should

---

[2] The defendant's notice of appeal also cites the trial court's order denying his motion to reconsider as a basis for his appeal which was denied on April 14, 2025, within the thirty-day deadline. However, as noted by the trial court, the Tennessee Rules of Criminal Procedure contemplate no such motion, and an order denying it cannot be appealed. Further, Rule 3 of the Tennessee Rules of Appellate Procedure does not include motions of reconsideration in its enumerated list from which an appeal as of right lies. Tenn. R. App. P. 3(b). *See also State v. Murray*, No. M2020-00168-CCA-R3-CD, 2021 WL 2156932. At *2 (Tenn. Crim. App. May 27, 2021). Accordingly, the defendant's motion to reconsider cannot be used to determine the timeliness of his notice.

always exercise his discretion with caution in refusing to set aside a plea of guilty, to the end that one accused of a crime may have a fair and impartial trial." *Henning*, 201 S.W.2d at 671. The trial court's decision "will not be reversed unless it clearly appears that there was an abuse of discretion." *Id.* An abuse of discretion exists if the record lacks substantial evidence to support the trial court's conclusion. *Goosby v. State*, 917 S.W.2d 700, 705 (Tenn. Crim. App. 1995). However, the record must contain some substantial evidence to support the trial court's decision. *Id.*

The withdrawal of a guilty plea is governed by Rule 32(f) of the Tennessee Rules of Criminal Procedure. Rule 32(f) provides, "[a]fter a sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice." Tenn. R. Crim. P. 32(f). This standard is based "upon practical considerations important to the proper administration of justice." *State v. Crowe*, 168 S.W.3d 731, 741 (Tenn. 2005) (quoting *Kadwell v. United States*, 315 F.2d 667, 670 (9th Cir. 1963)). Trial courts and appellate courts must determine whether manifest injustice exists on a case-by-case basis. *Turner*, 919 S.W.2d at 355.

Here, the defendant pled guilty on January 24, 2011, and the judgments were entered on the same day. Because no direct appeal was taken, the judgments became final on February 23, 2011. The defendant's motion to withdraw his guilty plea was filed on December 27, 2024, almost fourteen years later. Therefore, the motion was untimely, and the trial court's finding of the same was not an abuse of its discretion.

Finally, timeliness notwithstanding, the defendant presented no evidence of "manifest injustice." Although Rule 32(f) does not define "manifest injustice," the courts have found withdrawal to correct manifest injustice where: (1) the plea "was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily; (2) the prosecution failed to disclose exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83, 88 (1963); (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the effective assistance of counsel in connection with the entry of the plea." *Crowe*, 168 S.W.2d at 742.

The defendant has the burden of establishing that his plea of guilty should be withdrawn to prevent "manifest injustice." *Turner*, 919 S.W.2d at 355. Here, the defendant's sole argument is that his plea agreement is not enforceable because his judgements were not file-stamped by the clerk at the time of entry in the record. The defendant made a similar argument in his petition for writ of habeas corpus. *See Zackery*, 2019 WL 211923, at *2. There, he argued that his convictions were void and his sentence was illegal because his judgments were not file-stamped when entered into the record. *Id.* This Court determined that the defendant's judgments contained the "required relevant information" and were, therefore, valid. Consequently, this argument by the defendant is

moot, and his plea agreement is enforceable.  Accordingly, the defendant has failed to carry his burden to establish that withdrawal of his guilty plea would prevent a "manifest injustice."

### *Conclusion*

Based upon the foregoing authorities and reasoning, we conclude the interest of justice do not mandate waiver of the timeliness requirement and, therefore, dismiss the appeal.

s/ J. ROSS DYER                        
J. ROSS DYER, JUDGE